## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**LA'JASMAN WILSON,**

    **Plaintiff,**

**vs.**                         **CASE NO: 4:22-CV-00075-RH-MAF**

**STATE OF FLORIDA,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, an individual proceeding *pro se*, initiated this civil rights action, pursuant to 42 U.S.C. § 1983 alleging constitutional violations under the Fourth and Fifth Amendment. ECF No. 1. Plaintiff has not paid the filing fee but filed a motion to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel. ECF Nos. 2 and 3. Considering Plaintiff's social security income and expenses, she qualifies for IFP status. ECF No. 2, p. 4.

After careful review for the reasons stated below, Plaintiff's case should be **DISMISSED** with prejudice for failure to state a claim and because it is futile to amend.

## I. Allegations of Plaintiff's Complaint, ECF No. 1

Plaintiff's underlying criminal conviction warrants brief discussion. Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Plaintiff's criminal conviction in Leon County Case No. 37-2018-CF-001707-A. On July 11, 2019, following a plea of *nolo contendere* ("no contest"), the state court withheld adjudication on the charge of child neglect. [1] The Court sentenced Plaintiff to 97 days in county jail all of which was served by the time she entered her plea.[2] Plaintiff did not appeal her conviction, nor has she sought state habeas relief. Rather than challenging her arrest during the criminal proceeding, Plaintiff presents her claims in this Court. Plaintiff sues only the State of Florida, in its individual and official capacities.

Plaintiff claims that on or about February 25, 2018, she "got into an altercation with [her] daughter['s] father" and called the Tallahassee Police Department. ECF No. 1, p. 4. While waiting for the police, Plaintiff's phone "went dead." Id., p. 4. Then, Plaintiff asked her sister to watch Plaintiff's children while she went "to Walmart to get food." Id., p. 4-5. About one hour later, Plaintiff's sister called and informed her that "the police [were] there looking for [her]." Id., p. 5. The police officer spoke to Plaintiff on the phone

---

[1] Plaintiff's Leon County criminal case record is found at the following URL: https://cvweb.leonclerk.com/public/online_services/search_courts/.
[2] *Supra* note 1.

and said "he went to [her] house because [she] didn't answer [her phone and] he wanted to make sure [she] was okay . . . [and that her] kids were left home alone and that [she] needed to come home." Id. When Plaintiff arrived, the police officer asked if she knew her "kids were left alone." Id. She explained she "left them with [her] sister who was living with [her]." Id. Plaintiff claims her sister admitted to the officer that "she was responsible for them." Id. The police left; and "a couple month[s] later[,]" Plaintiff was arrested. Id. Plaintiff alleges violations of her right to due process. Plaintiff seeks punitive damages of $5,000,000 for lost wages due to mental and physical pain; her unlawful arrest; and incarceration, which led to losing her job, home, income, and the right to practice her career. Id., p. 6.

## II.  Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v.

Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds by Iqbal, 556 U.S. 662).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully." Franklin

v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## III.   Discussion

### A.   Shotgun Pleadings are Impermissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to ''give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading'—one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'— does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.,

598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

As narrated above, Plaintiff brings forward claims against the State of Florida but provides no set of facts for any acts or omissions attributable to the State. The only facts she lists are attributable to a Tallahassee police officer, who is not an employee or a subdivision of the State of Florida. Supporting facts must be attributable to the defendant named in the complaint. Legal conclusions are insufficient. Nonetheless, it is futile for Plaintiff to amend her complaint because her claim is otherwise barred.

B. Futility of Claims under Heck v. Humphrey, 512 U.S. 477 (1994)

A prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of her conviction. See Heck, 512 U.S. at 487. As the Supreme Court has noted, the most obvious example of an action barred by Heck is one in which the plaintiff seeks relief directly attributable to conviction or confinement. Under Florida law, no contest pleas are considered convictions. Fla. Stat. § 960.291(3); See also Hoffman v. Beseler, 760 F. App'x 775, 779 (11th Cir. 2019) (holding defendant's no contest plea is considered a criminal conviction and is barred under Heck).

"The Court's purpose was to limit the opportunities for collateral attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of

issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the complaint must be dismissed. Heck, 512 U.S. at 487.

Here, Plaintiff was convicted pursuant to her no contest plea and the subsequent adjudication withheld by the state court.[3] Plaintiff's conviction in her criminal cases remains intact. Thus, because Plaintiff alleges her conviction is unlawful, and Plaintiff cannot prevail if the arrest was lawful, her claims are barred by Heck and should be dismissed.

C. Respondeat Superior

To the extent Plaintiff's claims raised against Defendant are pursued under a theory of vicarious liability, the Tallahassee Police Department is not a Florida state agency but a local one. Still, "liability under § 1983 may not

---

[3] "Under Florida law, a 'conviction' is defined as a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld. See Fla. Stat. § 921.0021(2), § 960.291(3); Behm v. Campbell, 925 So. 2d 1070, 1072 (Fla. 5th DCA 2006) (no contest plea constituted conviction under Florida law even though adjudication was withheld, barring false arrest and battery claims stemming from arrest). Therefore, Heck applies even though Plaintiff pleaded no contest, and adjudication was withheld." Betts v. Hall, 2015 U.S. Dist. LEXIS 69017, *48-30, n. 11, Case No. 3:14cv33MCR/EMT (N.D. Fla. Jan. 26, 2015) Report and Recommendation adopted by 2015 U.S. Dist. LEXIS 69015 (N.D. Fla. May 27, 2015).

Case No: 4:22-CV-00075-RH-MAF

be based on the doctrine of *respondeat superior*." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003). See Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. denied, 531 U.S. 958 (2000). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted). Plaintiff attributes no acts or omissions to the State of Florida and makes no allegation that there was any policy, custom, or practice that led to her claim. Further, the Complaint does not identify any individual employee who may be responsible for any allegedly inappropriate actions. Accordingly, the claims against the State of Florida are due to be dismissed.

## IV.  Plaintiff's Motion to Appoint Counsel, ECF No. 3

"A plaintiff in a civil case has no constitutional right to counsel." <u>Bass v. Perrin</u>, 170 F.3d 1312, 1320 (11th Cir. 1999). According to the *in forma pauperis* statute, 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute, however, does not allow the court to require or "appoint" an unwilling attorney to represent an indigent litigant. <u>See</u> <u>Mallard v. U.S. Dist. Court for S. Dist. of Iowa</u>, 490 U.S. 296, 301-02 (1989) (noting Congress used the word "request" in § 1915 not the word "assign" or "appoint").

A litigant requesting counsel must make two threshold showings: (1) that she made a genuine effort to secure counsel herself and (2) that her case presents exceptional circumstances. <u>See</u> <u>Ulmer v. Chancellor</u>, 691 F.2d 209 (5th Cir. 1982); <u>Bass</u>, <u>supra</u>. The Eleventh Circuit has looked to the factors outlined in <u>Ulmer</u> for guidance in determining if exceptional circumstances warranted appointment of counsel. <u>See</u> <u>Smith v. Fla. Dep't of Corr.</u>, 713 F.3d 1059, 1065 (11th Cir. 2013) (unpublished but recognized as persuasive authority). <u>See also</u> <u>Neal v. Cassiday</u>, 511 F. App'x 865-66 (11th Cir. 2013). Those factors include: (1) the type and complexity of the case, (2) whether the indigent is capable of adequately presenting her case, (3) whether the indigent is in a position to adequately investigate the case, and

(4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

See <u>Ulmer</u>, 691 F.2d at 213 (cited with approval in <u>Smith</u>, <u>supra</u>, <u>Fowler v. Jones</u>, 899 F.2d 1088, 1096 (11th Cir. 1990), and <u>Neal</u>, <u>supra</u>).

Here, Plaintiff has not made a genuine effort to secure counsel herself. She has not demonstrated that exceptional circumstances warrant the appointment of counsel in this case. Plaintiff's case is not a complex one; and she is capable of adequately presenting her case. Moreover, because the case should be dismissed, Plaintiff's motion is due to be denied.

## V.    Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that the claims against Defendant be **DISMISSED** with prejudice and the case be **CLOSED**. In addition, the motion to proceed IFP, ECF No. 2, is **GRANTED** and the motion for the appointment of counsel, ECF No. 3, is **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 8, 2022.

<u>**s/ Martin A. Fitzpatrick**</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).

A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).